■ HENRIETTA TISHMAN, as Administratrix of the Estate of JACK TISHMAN, Deceased, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment of the Supreme Court, Kings County, entered May 9, 1966, affirmed, without costs. No opinion. Brennan, Acting P. J., Rabin, Benjamin and

Munder, JJ., concur. Martuscello, J., concurs in the affirmance of the judgment insofar as it is in favor of defendant Adelphi Hospital, but otherwise dissents and votes to reverse the judgment insofar as it is in favor of defendant City of New York and to grant a new trial as against the City of New York, with the following memorandum: Plaintiff Henrietta Tishman brought this action against the City of New York and Adelphi Hospital for the wrongful death and conscious pain and suffering before death of her husband, which she claimed resulted from the negligent use of excessive force against him by police officers while he was a patient in Adelphi Hospital. The evidence adduced at the trial revealed the following facts: Jack Tishman, the decedent, aged 51 and in apparent good health, had a hernia operation performed at Adelphi Hospital on November 18, 1957. The hospital record reveals that the postoperative course was uneventful until the night of November 20, when Tishman became violent and obstreperous and threw objects around his room, and the hospital called for the Police Department to come and subdue him. At his examination before trial, one of the officers who responded to the call stated that the decedent calmed down shortly after he arrived at the hospital. About three hours later, while waiting for an ambulance to take the decedent to Kings County Hospital, the officer went into a kitchenette with him. The officer stated that at that time the decedent had no visible marks or wounds on his body. While they were in the kitchenette, the officer continued, the decedent attacked him and went for his revolver, and the officer had to struggle to subdue him; and, during the struggle, the decedent struck his head on the floor and against the door jamb. When they finally emerged from the room with the decedent under control, the patient was bleeding from his head. Although the officer denied using his nightstick to subdue the decedent, both the transfer sheet from Adelphi Hospital and the admission sheet of Kings County Hospital, to which the decedent was removed without incident, state that the decedent was struck on the head by a nightstick; and the autopsy report states: " He is alleged to have been struck on the head " by a policeman in the Adelphi Hospital Ward. The admission notes at Kings County Hospital indicate that the patient had bandages on the back of his head and on his abdomen; scratches on his face, back and legs; a bruise on his right leg; bleeding and swollen lips; lacerations of the inner surface of the mouth and lips; and two sutured lacerations of the scalp. The decedent expired about nine hours after his admission to Kings County Hospital. The autopsy report indicates that the cause of death was extensive gastro-intestinal hemorrhage and shock. The Trial Judge dismissed the complaint on the ground that there was no proof of an assault. In my opinion, however, a jury question was presented as to whether the police officer had used excessive force in subduing the decedent. The decedent was unmarked when he went into the kitchenette in the officer's custody, but he emerged bleeding from the head and with other injuries, as indicated above in the admission record of Kings County Hospital. While the officer's testimony tends to show that he did not use excessive force, and this was uncontradicted, nevertheless he was an interested witness and the jury could have rejected his testimony as being untruthful in the light of the notations in the medical records that the decedent was struck with a nightstick. There was no medical proof connecting the cause of death with the force used. Plaintiff's attorney indicated that he desired to have his medical witness, a doctor, testify with respect to the findings in the autopsy report, but the learned Trial Judge refused to allow this testimony, apparently being of the opinion that such proof would be of no avail in any event, because plaintiff had failed to make out a prima facie showing of assault. Since I believe that on the posture of the evidence it was for the

jury to decide whether the force used was excessive, it was error to dismiss plaintiff's case against the city.